[Cite as *State v. Fiore*, 2018-Ohio-3136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-835 |
| v. | : | (C.P.C. No. 17CR-1000) |
| Phillip J. Fiore, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 7, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Megan E. Grant*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Phillip J. Fiore, appeals a judgment of the Franklin County Court of Common Pleas entered on October 30, 2017, sentencing him to serve two years in prison following a guilty plea to trafficking in cocaine. Because we agree with Fiore's counsel in her *Anders* brief and with the response of plaintiff-appellee, State of Ohio, all of which indicate that the record discloses no non-frivolous issues for appeal, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 17, 2017, a Franklin County Grand Jury indicted Fiore for possession of cocaine and heroin and for trafficking in both illegal substances. (Feb. 17, 2017 Indictment.) In mid-March, Fiore pled "not guilty" to all four counts of the indictment. (Mar. 22, 2017 Plea Form.) However, in a hearing on September 5, 2017, Fiore changed his plea to "guilty" on the count of trafficking in cocaine in exchange for dismissal

of the other charges and the State's agreement to take no position on sentencing. (Sept. 5, 2017 Plea Form; Sept. 5, 2017 Plea Hearing Tr. at 10, filed Dec. 27, 2017.)

{¶ 3}   During the plea hearing the prosecutor offered the following recitation of underlying facts:

> [T]his occurred August 2 2015. Columbus police officers initiated a traffic stop on a Chevy Monte Carlo for multiple traffic violations. The driver they identified as Mr. Phillip Fiore. During the encounter at the driver window, Sergeant Houser (phonetic) smelled an odor of burnt marijuana coming from inside the vehicle.
>
> Mr. -- or Sergeant Houser told Fiore that they requested a K-9 to respond. The K-9 performed sniff of the vehicle. At that time Mr. Fiore admitted that all he had in there was hard, which the Sergeant knew as rock -- or as crack cocaine. They ultimately ended up searching the vehicle. On the right side of the driver's seat, they found a baggy containing 50 individual bags of white rock-like substance and then 20 individual bags of dark tar-like substance. The white substance was tested and found to be 10.76 grams of cocaine.
>
> Mr. Fiore admitted, he spoke with the officers, freely admitted that he -- it was his dope, where he kept it, why he kept it in the car, and that he was selling it. He had already sold like 100 baggies prior to being pulled over.
>
> This occurred in Franklin County, Ohio.

(Sept. 5, 2017 Plea Hearing Tr. at 3-4.) The defense offered no objections or exceptions to the facts as recited for the purposes of the plea hearing. *Id.* at 4.

{¶ 4}   The trial court reconvened for sentencing on October 26, 2017, and sentenced Fiore to two years in prison. (Oct. 26, 2017 Sentencing Tr. at 7, filed Dec. 27, 2017.) Although the trial court did not advise Fiore of his right to appeal as required by Crim.R. 32(B)(2), appellate counsel was appointed and Fiore timely appealed. (Nov. 20, 2017 Appointment of Counsel; Nov. 27, 2017 Notice of Appeal.)

{¶ 5}   Fiore's appellate counsel filed an *Anders* brief on his behalf certifying that, having conscientiously examined the record, she concluded that the appeal was frivolous with no issues of arguable merit. (*Anders* Brief at 11.) She consequently sought and was granted leave to withdraw. (Mar. 6, 2018 Withdrawal Order.) Fiore was permitted time in

which to file a pro se brief if he wished to bring to our attention errors he might have wanted to allege. *Id.* Fiore has not done so.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Notwithstanding the *Anders* certification, counsel's brief suggests that possible issues Fiore could have attempted to appeal with little likelihood of success are that his plea was invalid due to ineffective assistance of counsel or that his sentence was invalid. (*Anders* Brief at 6-10.)

## III. DISCUSSION

{¶ 7} *Anders* requires us to make "a full examination of all the proceedings," and then "to decide whether the case is wholly frivolous." *Anders v. California*, 386 U.S. 738, 744 (1967). Specifically, we have previously stated:

> Where a defendant does not file a pro se brief in response to an *Anders* brief, an appellate court will examine the potential assignment of error and the entire record below to determine if the appeal lacks merit. *State v. Cooper*, 10th Dist. No. 09AP-511, 2009-Ohio-6275. "After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel." [*State v.* ]*Matthews*[, 10th Dist. No. 11AP-532, 2012-Ohio-1154,] ¶ 10, citing *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

*State v. A.H.,* 10th Dist. No. 16AP-487, 2017-Ohio-7680, ¶ 18.

### A. Ineffective Assistance of Counsel

{¶ 8} Ineffective assistance of counsel claims are assessed using the two-pronged approach set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. We see no indication in the record that counsel was ineffective. To the contrary, the record reflects that the facts (at least as recited during the plea hearing) strongly supported the trial court's finding Fiore guilty on all charges. Yet, his trial counsel was able to negotiate a plea deal for Fiore whereby he pled to just one of two trafficking felony drug charges in the indictment

and where the prosecution agreed not to take a position on sentencing. (Sept. 5, 2017 Plea Form.) We find no ineffective assistance provided to Fiore by his counsel.

### B. Errors in Sentencing

{¶ 9} R.C. 2925.03 provides that trafficking in 10 or more (but less than 20) grams of cocaine is a felony of the third degree. R.C. 2925.03(C)(4)(d). For such a third-degree felony, the maximum penalty is three years in prison and a discretionary period of post-release control of up to three years. R.C. 2929.14(A)(3)(b), (D)(2); R.C. 2967.28(C). In sentencing Fiore to two years in prison and giving notice that after being released from prison he may be subject to a period of post-release control of three years, the trial court imposed a legal sentence. (Oct. 26, 2017 Sentencing Tr. at 7.) While the trial court did not give the required notices of appellate rights required by Crim.R. 32(B)(2), it appointed appellate counsel for Fiore who timely appealed, and we find such error to be harmless.

## IV. CONCLUSION

{¶ 10} Having reviewed the entire record, we concur in the observations of Fiore's counsel and the State; the record, as it currently exists, discloses no issues for review in this appeal that are not frivolous. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

———————————